UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCKOBY,<br><br>              Plaintiff(s),<br><br>    v.<br><br>ELITE PUBLISHER et al.,<br><br>              Defendant(s). | CASE NO. C25-0821-KKE<br><br>ORDER DECLINING TO SERVE AND PROVIDING LEAVE TO AMEND THE COMPLAINT |

This matter comes before the Court on the disability discrimination complaint initiated by Plaintiff William McKoby, proceeding *pro se*. Dkt. Nos. 1, 5. U.S. Magistrate Judge Michelle L. Peterson granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). Dkt. No. 4. Plaintiff generally alleges that he entered into a contract for publishing services with Defendant and that those services have not been provided. Having reviewed and screened the complaint under 28 U.S.C. § 1915, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. However, the Court provides Plaintiff leave to file an amended pleading by June 24, 2025, to cure the deficiencies described below.

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim under § 1915 incorporates the standard under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court construes *pro se* complaints liberally, and only dismisses the complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Here, the complaint purports to raise claims for discrimination and fraud under the ADA, 8 U.S.C. § 241, and 18 USC § 1341.  Dkt. No. 5 at 2–7.  Plaintiff's broad reference to the ADA is insufficient to state a claim because the ADA has some provisions which apply to government entities and others that apply to private actors.  *See generally Simmons v. Doane*, No. 20-CV-01044-VKD, 2020 WL 5366584, at *2 (N.D. Cal. Sept. 8, 2020) (providing a summary of each title of the ADA).  Plaintiff cites Titles III (addressing disability discrimination in provision of commercial facilities and places of public accommodation by private entities) and Title V (miscellaneous enforcement provisions and exemptions) without any connection between the complaint's factual allegations and the referenced provisions.  Dkt. No. 5 at 5.  This does not provide proper notice to Defendants or allow the Court to ascertain Plaintiff's theory of liability under the ADA.  Any amended complaint should plead facts indicating how Plaintiff alleges Defendant discriminated against him on the basis of a disability.  Similarly, to the extent Plaintiff intends to bring fraud claims, he must plead specific facts setting forth the basis for the claim.[1]

The complaint also alleges that the phone conversation Plaintiff had with Defendant Elite Publisher "is now headed for a ten month non-completed 'Breach of Contract' with dire

---

[1] For example, under Washington law, "[t]he elements of fraud include: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Adams v. King Cnty.*, 192 P.3d 891, 902 (Wash. 2008) (en banc).

ORDER DECLINING TO SERVE AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 2

consequences involved." Dkt. No. 5 at 6. To the extent Plaintiff intends to assert a breach of contract claim under Washington law, Plaintiff must also establish this Court's subject matter jurisdiction over any state law claims, either by pleading diversity jurisdiction (28 U.S.C. § 1332) or supplemental jurisdiction (28 U.S.C. § 1367). Plaintiff has not pled either basis for the Court's jurisdiction over his breach of contract claim. Fed. R. Civ. P. 8(a) (requiring a "short and plain statement of the grounds for the court's jurisdiction"). Plaintiff has also failed to explain how Defendants breached a contract with Plaintiff. For example, Plaintiff alleges an oral contract, but does not specify its terms. Dkt. No. 5 at 6. Plaintiff attaches a written contract with Defendant for publishing services, but appears to allege that contract is not enforceable. *Id.* at 7 (alleging that Plaintiff did not sign the written contract), 14–19. While Rule 12(b)(6) does not require Plaintiff to provide detailed allegations, legal conclusions without adequate factual support do not pass muster. *Ashcroft*, 556 U.S. at 678. Any amended complaint should plead facts identifying the nature of the contract between the parties, the material terms, and the basis for any alleged breach.

Finally, Plaintiff also fails to state a claim under 8 U.S.C. § 241 and 18 U.S.C § 1341. Dkt. No. 5 at 2. Section 241 criminalizes conspiracies between two or more people to deny someone their constitutional rights, but this statute does not provide a private right of action for violations of this law. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Likewise, "to the extent Plaintiff alleges Defendants violated the Mail Fraud Act, 18 U.S.C. § 1341, the Mail Fraud Act is a criminal statute and 'does not create a private right of action[.]'" *Chester v. United States Dep't of State*, No. 3:23-cv-05367-DGE, 2024 WL 2922801, at *3 (W.D. Wash. June 10, 2024). Because these types of criminal charges cannot be brought by private citizens, these claims are not amenable to amendment and are dismissed with prejudice.

Accordingly, the Court dismisses Plaintiff's complaint without prejudice and with leave to amend to correct the deficiencies described above. In summary, Plaintiff may file an amended

complaint setting forth his discrimination, fraud, and breach of contract claims. Plaintiff may not amend the claims asserting criminal conduct. In any amended complaint, Plaintiff should clearly identify the basis for this Court's jurisdiction.

The amended complaint will act as a complete substitute for the original complaint and shall be presented on the form provided by the Court. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds, Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Id.* If Plaintiff fails to file an amended complaint and/or fails to adequately address the issues identified in this order, the Court may dismiss this action.

The Court directs the clerk to send Plaintiff (1) the appropriate forms for filing a civil complaint, (2) a copy of this order, and (3) the Pro Se Instruction Sheet.[2]

Dated this 3rd day of June, 2025.

*Kymberly K. Evanson*
_____
Kymberly K. Evanson
United States District Judge

---

[2] These forms are also available on the Court's website. *See Court Forms*, U.S. DIST. CT., W. DIST. OF WA., https://www.wawd.uscourts.gov/court-forms#Pro%20Se.

ORDER DECLINING TO SERVE AND PROVIDING LEAVE TO AMEND THE COMPLAINT - 4